STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

Nicklos Rosenbloom,

Plaintiff,

v.

General Nutrition Center, Inc.,
Also known as General Nutrition Corporation,

Defendants.

Type of Case: Discrimination

**SUMMONS**

---

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Plaintiff's attorneys an answer to the Complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint herein.

Pursuant to M.S.A. §543.22, all civil cases are subject to alternative dispute resolution processes, with certain exceptions, pursuant to Rule 114 of Minnesota General Rules of Practice. Further information regarding ADR is available from the Court Administrator.

Dated: _____, 2009.

GOINS LAW OFFICES, LTD.

By: _____
Albert T. Goins, Sr., #126159
301 4th Avenue South
378 Grain Exchange Building

1

612-339-3848
612-339-3853 fax

**ATTORNEYS FOR PLAINTIFF**

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

---

Nicklos Rosenbloom,

       Plaintiff,

v.

                              COMPLAINT

General Nutrition Center, Inc.,
also known as General Nutrition Corporation,

       Defendants.

---

For his cause of action against Defendant, Plaintiff states and alleges as follows:

1.     Plaintiff is and at all times herein mentioned was a resident of the County of Hennepin, State of Minnesota.

2.     Upon information and belief, Defendant General Nutrition Center, Inc., also known as General Nutrition Corporation, is a Pennsylvania corporation. Defendant is and at all times herein mentioned an entity doing business in the State of Minnesota and an employer within the meaning of Minnesota Statutes Chapter 363A and Title VII of the Civil Rights Act of 1964 as amended. At the dates and times alleged herein, Defendant operated retail nutrition outlets in Hennepin County, Minnesota, including at the Minneapolis City Center and other locations.

3.     Plaintiff is an African-American male who identifies himself as gay in his sexual orientation. Plaintiff is also disabled because he has visual disabilities that affect major life activities as defined by the American s with Disabilities Act of 1990 (ADA). Plaintiff was employed by Defendant from November 2001 to August of 2005.

4.     While employed at the Defendants stores, including the City Center Store in

Minneapolis, Minnesota, Defendant's supervisory employees, including Shane VonBehrens and Dallas Henry subjected Plaintiff to harassing sexual comments, intended to be same sex harassment and/or denigrating comments based on his sexual orientation. These comments were pervasive and continuing and altered the terms and conditions of Plaintiff's employment. Plaintiff Rosenbloom was treated in a differential and disparate fashion because of his sexual orientation, which is gay.

5.      Moreover, Plaintiff was improperly demoted after complaining about Defendants failure to accommodate his disability. Specifically, Plaintiff asked Defendants to provide a reasonable accommodation based on his visual disability and partial blindness while carrying out his job as a Store manager from 2002 to 2005, including providing appropriate software, tinted screens, and other computer screen devices to enable him to read prices and store codes. Defendants refused to reasonably accommodate Plaintiff in violation of the ADA.

6.      Moreover, when Plaintiff initially complained about the discriminatory and hostile treatment of supervisor VonBehren, Defendants improperly and retaliatorily demoted him from Manager to Assistant Manager and transferred to the City Center Store where he still was not properly accommodated.

7.      Plaintiff asserts that this demotion was not only in retaliation for his complaints, but also based in part on his race. Plaintiff submitted a timely charge to the Minneapolis Human Rights Department and the EEOC, which issued its determination on April 17, 2009. Plaintiff was ultimately terminated from his employment with Defendant in violation of Title 42 United States Code Section 1981, including for opposing a discriminatory practice and/or on the basis of race or color.

2

8.      Wherefore, as a direct and proximate cause of Defendants illegal and discriminatory conduct, in violation of Title VII, the Americans with Disabilities Act of 1990, the Minneapolis Civil Rights Ordinance and Title 42 United States Code Section 1981, Plaintiff has suffered emotional damages and distress, loss of wages, loss of benefits and other damages and harm.

**WHEREFORE**, Plaintiff prays for a judgment against defendant in the sum in excess of $50,000.00 together with statutory damages, attorneys' fees, with her costs and disbursements herein.

Dated: This ___ day of June 2009.

GOINS LAW OFFICES, LTD.

By: _____

Albert Turner Goins, Sr., #126159
Attorney for Plaintiff
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, Minnesota 55415
Telephone: 612.339.3848
Facsimile:   612.339.3853

## ACKNOWLEDGMENT

The Plaintiff, and his attorneys acknowledge that cost, disbursements and reasonable attorneys' fees and witness fees may be awarded to the opposing party pursuant to M.S.A. § 549.211, Subds. 1 and 2.

Dated: This ___ day of June 2009.

GOINS LAW OFFICES, LTD.

By: _____

Albert Turner Goins, Sr., #126159
Attorney for Plaintiff
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, Minnesota 55415
Telephone: 612.339.3848

3

Facsimile:   612.339.3853